JOHN TEBBENS, )
)
    Plaintiff, )
)
    v. )
)
SERGEANT FRED BREHMER, )
DETECTIVE TIM GRAMINS, )
and OFFICER PETER B. CHMIEL, )
)
    Defendants. )

**03C 9352**

**JUDGE CONLON**

**MAGISTRATE JUDGE NOLAN**

Trial By Jury Demanded

DEC 2 3 2003

## COMPLAINT

Plaintiff, John Tebbens, by his attorney, Edmund B. Moran, Jr., for his complaint against Defendants Sergeant Fred Brehmer, Detective Tim Gramins, and Officer Peter B. Chmiel, states as follows:

### I.

### THE PARTIES

1. The plaintiff is a resident of the City of Chicago, Cook County, State of Illinois.

2. Defendant, Sergeant Fred Brehmer, is and was at all times relevant to this complaint, a sergeant in the police department of the Village of Skokie, Cook County, State of Illinois.

3. Defendant, Detective Tim Gramins, is and was at all times relevant to this complaint a detective in the police department of the Village of Skokie, Cook County, State of Illinois.

1-1

4. Defendant, Officer Peter B. Chmiel, is and was at all times relevant to this complaint an officer in the police department of the Village of Skokie, Cook County, State of Illinois.

II.

## JURISDICTION AND VENUE

4. This is an action to seek recovery for violations of plaintiff's civil and constitutional rights. As such, jurisdiction is vested in this Court pursuant to 42 U.S.C. 1983 of the 1871 Civil Rights Act and 28 U.S.C. 1331 in that the case presents issues arising under the statutes and constitution of the United States of America.

5. Venue is proper in this Court under the provisions of 28 U.S.C. 1391 (b) (2) in that a substantial part of the events or omissions giving rise to the claim occurred in this federal judicial district.

III.

## BACKGROUND

6. On December 31, 2001, plaintiff traveled to the Village of Skokie's police headquarters located at 8350 Laramie, Village of Skokie, Cook County, State of Illinois, in order to pick up his daughter, Grace Tebbens, for a parental visit. Plaintiff was, at that time, separated from his wife, Ellen E. Farber, and had been granted visitation rights with Grace by court which visitation was to commence at 10:00 a.m. on that date..

7. Plaintiff had previously been granted regular visitation rights with Grace by court order. For reasons that were not clear to plaintiff, the Cook County Circuit Court judge presiding over the marital dissolution proceedings had designated the Village of

Skokie Police Department headquarters as the drop off/pickup point for plaintiff's visits with Grace.

8. Plaintiff arrived at the Skokie police headquarters promptly at 10:00 a.m.

9. Plaintiff regularly engages in photography as a hobby and he particularly enjoys videotaping his visits with his daughter. Prior to December 31, 2002, plaintiff had frequently videotaped his arrivals at the Skokie police headquarters when picking up Grace. On the day in question, plaintiff brought his video camera with him and, after parking his vehicle, he entered the police headquarters operating his video camera so that he could memorialize his visit with Grace.

10. After passing through the front door of the police headquarters, Grace ran to plaintiff. Plaintiff then proceeded directly out of the building and placed Grace in the back seat of his vehicle, buckled her seat belt, and proceeded to enter the driver's seat of the vehicle, preparing to drive away.

11. As plaintiff was about to pull away, a person who plaintiff now knows to be Officer Peter B. Chmiel of the Village of Skokie Police Department, came to the curb and began asking plaintiff why he had operated a video camera in the police headquarters. Plaintiff did not believe that his videotaping was either illegal or out of the ordinary, particularly as he had done so numerous times previously without complaint or inquiry by any Skokie police personnel and he did not believe that Chmiel had any business questioning him about the matter.

12. At or about the time that plaintiff was preparing to pull away from the curb, Chmiel reached out to the door of plaintiff's vehicle and opened it. Plaintiff pulled away from the curb.

13. Plaintiff had proceeded less than a block when a Skokie Police Department squad car pulled out of driveway on the right side of the road plaintiff was traveling on and barred plaintiff from proceeding further. Two other Skokie squad cars with emergency lights flashing and sirens screaming pursued him and stopped behind his vehicle.

14. Numerous police officers approached plaintiff's vehicle, yelling at him to get out of the vehicle and advancing on plaintiff in a menacing manner. Plaintiff was frightened for his safety and that of his daughter and, in an initial reaction to the aggressive approach of these men, locked the one remaining unlocked door to his vehicle.

15. Sergeant Brehmer then approached the drivers' side of plaintiff's vehicle and, wielding some type of club or other hard instrument, smashed the window next to the driver's position. Glass flew into the vehicle. Plaintiff was then sprayed in the eyes with pepper spray. The window on the front passenger side of plaintiff's vehicle was then smashed. Although substantially blinded by the pepper spray, plaintiff got out of the driver's seat and worked his way to where his daughter was located in the back seat in order to protect her from flying glass and any further violence by the police. Brehmer and other police officers, including defendants Gramins and Chmiel, entered the vehicle and began beating plaintiff.

16. Plaintiff suffered numerous cuts and bruises as well as a corneal abrasion to one of his eyes as a result of the beating. He suffered chemical burns to his eyes as a result of the pepper spray. Plaintiff's upper back and neck were pinned down through the pressure of a baton applied to the neck area and, after having been handcuffed, his

4

head was yanked back and upward so that he suffered whiplash and aggravated a prior workplace injury to his neck suffered in the line of duty as a City of Chicago Firefighter.

17. Plaintiff had not committed any crime at the time of the foregoing events and none of the defendants had either a reasonable suspicion to believe that plaintiff had committed or was about to commit a crime and had no reasonable or probable cause to believe that he had committed any crime at the time of the above events.

18. Brehmer and the other defendants arrested plaintiff. Thereafter, Chmiel swore out a criminal complaint against plaintiff accusing him of reckless conduct by alleging that he (Chmiel) had been hit by the door of plaintiff's vehicle, allegedly injuring his shoulder. Officer Gramins swore out two separate criminal complaints against plaintiff. In the first complaint, Gramins accused plaintiff of striking him in the back of his head with the video camera. In the second complaint, Gramins accused plaintiff of child endangerment by "driving his vehicle into a police officer," disregarding traffic control devices, and using Grace as a "human shield to defeat a lawful arrest." Brehmer swore out a criminal complaint against plaintiff for resisting arrest. Each and every accusation made in the four criminal complaints was knowingly false.

19. At all times set forth above, all of the defendants were acting under the color of state law.

20. As a direct result of the above actions by defendants, plaintiff has suffered the following injuries:

A. He suffered the above aggravation of a prior workplace injury to his neck.. Since the above events, plaintiff has had numerous physical rehabilitation sessions, two injections in his neck, and may need further surgery to ease the pain he has in his

5

neck.. He also experiences numbness in his hand that he had never experienced previously, which numbness causes him on occasion to lose his grip on objects he seeks to hold in that hand;

B. Plaintiff now experiences the presence of "floaters" in his field of vision as a result of the beating and the pepper spray that went into his eyes and which impair his vision, particularly when he attempts to read;

C. Plaintiff suffered from extreme anxiety, mental distress, and emotional trauma requiring numerous visits with a licensed clinical psychologist who considers plaintiff to be suffering from post traumatic shock syndrome;

D. In the wake of and because of the accusations made by defendants in the criminal complaints they swore out against plaintiff, plaintiff has been deprived of all visitation rights with his daughter and he has not been able to visit with her for nearly two years;

E. Plaintiff suffered significant damage to his vehicle the repairs of which required plaintiff to expend approximately $3,500.00 to $4,000.00;

F. Plaintiff has been required to expend significant sums of money on attorney's fees, expert witnesses, and other expenses related to his defense against the criminal charges that defendants have preferred against him;

G. Plaintiff had to spend $500.00 to replace eyeglasses broken by the defendants when they beat him and another $130.00 to replace a pager that defendants broke when they beat him; and

H. Plaintiff's reputation among his co-workers has been damaged as a result of the criminal complaints defendants have preferred against plaintiff.

6

## COUNT I

## FALSE ARREST

21- 40. Plaintiff incorporates herein by reference thereto paragraphs 1. through 20. above as paragraphs 21. through 40. of this Count I.

41. The actions of the defendants violated plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures of his person by their attempts to restrain him and then arresting him in that defendants never had a reasonable suspicion that plaintiff had committed or was about to commit a crime and they had no reasonable and probable cause to believe that he had in fact committed a crime.

## COUNT II

## UNCONSTITUTIONAL BATTERY

42. - 61. Plaintiff incorporates herein by reference thereto the allegations contained in paragraphs 1. through 20. above as paragraphs 42. through 61. of this Count II.

62. The actions of the defendants in beating plaintiff without any reason or justification violated plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures of his person..

## COUNT III

## EXCESSIVE USE OF FORCE

63. - 82. Plaintiff incorporates herein by reference thereto paragraphs 1. through 20. above as paragraphs 63. through 82. of this Count III.

83. If, for any reason, it is determined in this proceeding that one or more of the defendants had reasonable cause to either stop or arrest plaintiff, defendants' actions in beating plaintiff and spraying him with pepper spray were unjustified and amounted to an excessive use of force in violation of plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizures of his person.

## COUNT IV

## VIOLATION OF DUE PROCESS

84.-103. Plaintiff incorporates herein by reference thereto paragraphs 1. through 20. above as paragraphs 84. through 103. of this Count IV.

104. Defendants' false accusations of aggravated battery, reckless conduct, resisting arrest, and child endangerment against plaintiff violated plaintiff's Fourteenth Amendment rights to substantive and procedural due process of law.

## PRAYER FOR RELIEF

Plaintiff requests that this Honorable Court, following a trial of the issues in this case, enter a judgment in favor of plaintiff and against each of the defendants granting plaintiff the following relief:

1. Finding that the defendants violated plaintiff's civil and constitutional rights As set forth in each of that above four counts;

2. Granting plaintiff damages in the amount of $750,000.00 for the various injuries suffered by plaintiff and detailed above resulting from defendants' illegal and unconstitutional conduct;

3. Such other and further relief that the Court deems just and proper.

8

JOHN TEBBENS

By: _Edmund B. Moran, Jr._
His Attorney

Edmund B. Moran, Jr.
Suite 857
53 West Jackson Boulevard
Chicago, Illinois 60604
(312) 408-1544

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as ___ by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required to ___ of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John Tebbens

## DEFENDANTS

Sergeant Fred Brehmer,
Detective Tim Gramins, and
Officer Peter B. Chmiel

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Cook
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF TH
___T OF LAND INVOLVED.

03C 9352

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Edmund B. Moran, Jr.(312) 408-154_
Suite 857
53 W. Jackson, Chicago, Il. 60604

ATTORNEYS (IF KNOWN)

DEC 2 0 200_

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR
(For Diversity Cases Only) AND ONE BOX FOR DEFENDAN

|  | PTF | DEF |  | PT |
|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal t Judge fr Magistra Judgmen

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUT
- ☐ 400 State Reapportionm
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Ra
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenc Corrupt Organizatio
- ☐ 810 Selective Service
- ☐ 850 Securities/Commod Exchange
- ☐ 875 Customer Challeng 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabiliza Act
- ☐ 893 Environmental Matt
- ☐ 894 Energy Allocation A
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Dete Under Equal Acces
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Acti

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

False arrest, battery, excessive use of force, and due process
42 U.S.C. 1983

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 750,000.00

CHECK YES only if demanded in co
JURY DEMAND: ☒ YES

## VIII. This case

☒ is not a refiling of a previously dismissed action.

☐ is a refiling of case number_____, previously dismissed by Judge_____

DATE December 24, 2003

SIGNATURE OF ATTORNEY OF RECORD  Edmund B. Moran Jr.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

n the Matter of

John Tebbens,

v.

Fred Brehmer, Tim Gramins,
and Peter B. Chmiel

Case Number: **03C 9352**

JUDGE CONLON

MAGISTRATE JUDGE NOLA

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

John Tebbens

DOCKETED
DEC 2 3 2003

FILED
03 DEC 24 PM 4 59
U.S. GERM DISTRICT COURT

| (A) | (B) |
|---|---|
| **SIGNATURE** *Edmund B. Moran, Jr.* | **SIGNATURE** |
| **NAME** Edmund B. Moran, Jr. | **NAME** |
| **FIRM** Same | **FIRM** |
| **STREET ADDRESS** 53 W. Jackson, Suite 857 Chicago | **STREET ADDRESS** |
| **CITY/STATE/ZIP** Chicago, Ill. 60604 | **CITY/STATE/ZIP** |
| **TELEPHONE NUMBER** (312) 408-1544 **FAX NUMBER** | **TELEPHONE NUMBER** **FAX NUMBER** |
| **E-MAIL ADDRESS** e.moran@comcast.net | **E-MAIL ADDRESS** |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** |
| **MEMBER OF TRIAL BAR?** YES ☑ NO ☐ | **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ |
| **TRIAL ATTORNEY?** YES ☑ NO ☐ | **TRIAL ATTORNEY?** YES ☐ NO ☐ |
| | **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| **SIGNATURE** | **SIGNATURE** |
| **NAME** | **NAME** |
| **FIRM** | **FIRM** |
| **STREET ADDRESS** | **STREET ADDRESS** |
| **CITY/STATE/ZIP** | **CITY/STATE/ZIP** |
| **TELEPHONE NUMBER** **FAX NUMBER** | **TELEPHONE NUMBER** **FAX NUMBER** |
| **E-MAIL ADDRESS** | **E-MAIL ADDRESS** |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** |
| **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ | **MEMBER OF TRIAL BAR?** YES ☐ NO ☐ |
| **TRIAL ATTORNEY?** YES ☐ NO ☐ | **TRIAL ATTORNEY?** YES ☐ NO ☐ |
| **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ | **DESIGNATED AS LOCAL COUNSEL?** YES ☐ NO ☐ |